**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

MICHAEL A. GRIMM,

Plaintiff,

v.

MAMUKA MAKARADZE and
FCCI INSURANCE COMPANY,

Defendants.

Civil Action No. 26-2073-TDC

## MEMORANDUM ORDER

Plaintiff Michael A. Grimm filed this civil action against Defendants Mamuka Makaradze and FCCI Insurance Company ("FCCI") in the Circuit Court for Prince George's County, Maryland, in which he alleges state law claims of negligence and breach of contract arising out of a motor vehicle collision in which Makaradze allegedly rear-ended Grimm's vehicle and caused severe injuries to Grimm. FCCI removed the case to federal court on the basis of diversity jurisdiction, but it did so without having first obtained the consent of Makaradze. Grimm has filed a Motion to Remand. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be granted, and this case will be remanded to the state court.

## BACKGROUND

The central facts are not in dispute. On September 24, 2025, Grimm filed the original Complaint in this case against Makaradze in the Circuit Court for Prince George's County ("the state court") and effectuated service on Makaradze on October 4, 2025. On November 12, 2025,

Makaradze filed an Answer in the state court. On February 15, 2026, Grimm filed an Amended Complaint in the state court against Makaradze and FCCI, with which Makaradze had a motor vehicle insurance policy. Grimm served FCCI's statutory agent, Marie Grant of the Maryland Insurance Administration, on March 2, 2026, and FCCI received actual notice of this lawsuit from its registered agent on April 27, 2026. On May 26, 2026, FCCI timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a), which permits the removal of a case over which a federal court would have original jurisdiction, on the basis of diversity jurisdiction. *See id.*; 28 U.S.C. § 1446(b) (requiring removal within 30 days after service on the defendant); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) (holding that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)," so removal of a case within 30 days of actual receipt of a complaint is timely). FCCI's May 26, 2026 Notice of Removal contained no statement on whether Makaradze had consented to removal. On July 16, 2026, after the filing of the Motion to Remand, Makaradze filed a notice of consent to the removal.

## DISCUSSION

In his Motion to Remand, Grimm asserts that the removal of this case was defective because under 28 U.S.C. § 1446(b)(2), FCCI was required to secure Makaradze's consent at the time of removal, but it failed to do so. In its memorandum in opposition to the Motion, which Makaradze has now joined, FCCI acknowledges that it had not secured Makaradze's consent at the time of the removal and explains that counsel for FCCI tried but failed to reach counsel for Makaradze prior to filing the Notice. FCCI argues, however, that the statute contains no express timing requirement for obtaining the consent of co-defendants and asserts that because Makaradze has now consented, the Notice of Removal is sound.

Removal of a case is subject to specific time limits. Specifically, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Under what is commonly referred to as the unanimity requirement, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013). Moreover, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). These provisions were enacted in 2011 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"), Pub. L. No. 112–63, § 103, 125 Stat. 758, 760, which codified the unanimity requirement. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021). Removal statutes must be construed narrowly. *Barbour v. Int'l Union*, 640 F.3d 599, 615 (4th Cir. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

Here, by the time that FCCI filed its Notice of Removal on May 26, 2026, Makaradze's own 30-day period for filing a Notice of Removal had expired, but it could still have consented to FCCI's Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(C). Makaradze, however, did not do so until July 16, 2026, 51days after FCCI removed the case and 50 days after FCCI's 30-day period to remove had expired. Grimm argues that the failure to consent at the time of the removal, or within the 30-day removal period, renders the removal defective.

FCCI argues that because § 1446(b)(2)(C) does not include an explicit deadline for a co-defendant to consent to a removal, there is an open-ended deadline for satisfying the unanimity

requirement. This reading, however, conflicts with the language in the broader statute, which is best read to provide that the deadlines to remove and to secure consent are the same. Section 1446(b)(2)(A) states: "*When* a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served *must* join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). This temporal language demonstrates that all defendants must consent to removal "when" the case is actually removed, not at some undetermined point afterwards. *See id.* This reading is consistent with the JVCA's legislative history, which reflects that these provisions were intended, in part, to provide "a rule of timeliness" and to ensure "equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them" but "without undermining the Federal interest in ensuring that defendants act with reasonable promptness in invoking Federal jurisdiction." H.R. Rep. No. 112-10, at 13, 14 (2011). In light of the interest in prompt resolution of whether the case will proceed in federal court, it would be unreasonable to read the statute to permit an open-ended consent deadline that allows for an indefinite period during which the district court's statutory authority to hear the case remains unsettled.

Although the United States Court of Appeals for the Fourth Circuit has not specifically decided this issue, since the 2011 enactment of the JVCA provisions, another circuit has reached this same conclusion. In *Taylor v. Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021), the United States Court of Appeals for the Second Circuit held that based on a "straightforward application of 28 U.S.C. § 1446(b)(2)(B)," when "a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period" for removal, "the defendant cannot cure that failure by providing late consent." *Id.* at 151. The court reasoned that "[t]o read the removal statute as permitting late consent would not only overlook the statute's clear language, but it would also

undermine the 'rapid determination of the proper forum,'" which is a recognized "goal of the removal procedures." *Id.* The court also reasoned that where Congress had included specific exceptions to the 30-day limitation on removal, but did not include any such exception relating to the unanimity requirement, the failure to do so demonstrates that no such exception is available. *See id.* at 152–53. Although another circuit has permitted a removal in which consent by a co-defendant was provided 31 days after the filing of the notice of removal, it provided no textual analysis or other specific reasoning for its conclusion, and it acknowledged that a co-defendant should either sign the notice of removal or file a "timely and unequivocal consent," without identifying the specific deadline for filing such a consent. *Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017).

This Court agrees with the more detailed and persuasive reasoning in *Taylor*. This conclusion is consistent with the Fourth Circuit's emphasis on the importance of obtaining timely consent from co-defendants as reflected in *Mayo v. Board of Education of Prince George's County*, 713 F.3d 735 (4th Cir. 2013). In *Mayo*, the court held that a removing defendant could, in the absence of any filing by the non-removing defendants, satisfy the unanimity requirement by stating in the notice of removal that the consent of the non-removing defendants had been obtained, without contemplating that such consent could be provided after the removal. *Id.* at 742. Indeed, most district courts within the Fourth Circuit that have addressed this issue have concluded that consent to remove must be obtained either at the time that the notice of removal is due or within 30 days of when the consenting defendant was served. *See Karic v. Schneider Nat'l Bulk Carriers, Inc., No.* DLB-24-1327, 2024 WL 4753366, at *3 n.1 (D. Md. Nov. 12, 2024) (collecting cases); *Alston v. Wells Fargo Bank, Nat'l Ass'n*, No. 17-CV-1085-TDC, 2017 WL 2839629, at *3 (D. Md. June 29, 2017).

Upon consideration of the language of the removal statute, the legislative history, and the relevant case law, and cognizant of the Supreme Court's directive to construe the applicable removal statute narrowly, this Court concludes that under 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal. Here, where FCCI filed its Notice of Removal without having obtained Makaradze's consent, the removal was improper. Even if consent could be provided within the removing defendant's 30-day period for removal or within the consenting defendant's own 30-day period for removal, the removal would still be improper, because Makaradze did not provide consent until 51 days after FCCI's 30-day deadline to file a notice of removal and long after the expiration of its own 30-day deadline to file a notice of removal. Because FCCI failed to satisfy the unanimity requirement, the Motion to Remand will be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Grimm's Motion to Remand, ECF No. 6, is GRANTED.
2. This case shall be REMANDED to the Circuit Court of Prince George's County, Maryland.
3. The Clerk is directed to close this case.

Date: August 24, 2026

THEODORE D. CHUANG
United States District Judge